## Silverthorn *et al.*, Commissioners, &c., *versus* Hollister *et al.*

87　　　431
37SC　　310

A judgment was entered on a bond given to indemnify the county of Erie for keeping a lunatic, the wife of H., one of the obligors, at a state hospital. The penalty of the bond was $500, conditioned that H. should pay the county $39 quarterly, and indemnify the county against all expense in the keeping of said lunatic. The court below held that payments made in accordance with the condition of the bond were payments on account of the penalty. *Held*, that this was error : that the judgment was a continuing security in the nature of a fixed lien, and that upon a sale upon a judgment, prior to that entered on the judgment of the county, a subsequent judgment-creditor was not entitled to have the payments, made on account of the lunatic, credited upon the judgment of the county ; but $500 thereof, or if less, the balance of the fund should be impounded for the future expenses of the lunatic.

October 22d 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Appeal from the Court of Common Pleas of *Erie county:* Of October and November Term 1878, No. 33.

Appeal of M. H. Silverthorn and others, commissioners of Erie

county, from the order of the court releasing a fund arising from the sale of real estate bound by a judgment given to the county of Erie to indemnify said county for the expense of keeping Martha Hollister, an insane person, at a hospital for the insane.

The judgment was entered upon a bond by C. C. and S. A. Hollister and by M. W. Moffit and James Lewis, in the sum of $500, with warrant of attorney to confess judgment, given to the county commissioners, conditioned as follows:

"Whereas, the expense of keeping Martha Hollister at the Western Pennsylvania Hospital for the Insane, at Dixmont, is charged to and paid by the county:

"Now the condition of the foregoing obligation is such that if the aforenamed C. C. Hollister shall well and truly pay or cause to be paid into the county treasury quarterly, in advance, to wit: On the first days of January, April, July and October in each year, the sum of thirty-nine dollars or such other sum, be the same more or less, as the county shall be required to pay for the support and maintenance of the said Martha Hollister at said institution for the ensuing quarter, and shall fully pay and indemnify the said county for any and all expenses incurred by said county by the keeping of the said Martha Hollister at said institution from and after the 22d day of November A. D. 1872, then in that case the foregoing obligation to be null and void; otherwise to be and remain in full force and virtue."

Martha Hollister was placed in the Western Pennsylvania Hospital for the Insane on the 20th of November 1872, and was still there at the commencement of these proceedings, at the expense of the county of Erie, which paid for her board at the rate of three dollars a week, besides furnishing her clothing. Judgment was entered on the bond.

On the 1st day of November 1875, the real estate of S. A. Hollister, one of the defendants in the judgment, was sold at sheriff's sale for $1000, a sum sufficient to cover the judgment for $500 in this case, there being a prior judgment for $300. There was, at this date, a balance due the county of Erie for the maintenance of Mrs. Hollister, of $140.55. Since that date nothing was paid to the county, and the cost of her maintenance to the county (including balance November 1st 1875), to October 1st 1878, was over $590, besides her clothing.

In the distribution of the money made by the sale of S. A. Hollister's real estate, $500, the amount of the bond in this case, was impounded, and remained in court as security for the performance of the condition of the bond. On the 29th of May 1877, W. C. Goodrich, a lien creditor of S. A. Hollister, whose judgment was entered subsequent to the entry of the judgment in this case, made a motion for a rule to show cause why the $500 remaining in court should not be released from the lien of the judgment in this case,

[Silverthorn *et al. v.* Hollister *et al.*]

on the payment of the sum of $95.83. The court granted a rule to show cause, which was, after argument, made absolute on the payment to the county of the sum of $140.55, the amount due the county at the date of the sale of the real estate of S. A. Hollister, viz.: November 1st 1875.

From this order of the court the county commissioners appealed, claiming the entire amount impounded, as the payments made by them on account of the support of Mrs. Hollister already exceeded the amount of the bond.

*D. B. McCreary* and *Frank Gunnison*, for plaintiffs in error.—The bond was not given for the payment of money, but to indemnify the county for the maintenance of Mrs. Hollister at the hospital. It was a continuing security in the whole amount of the penalty for constantly accruing liability, and the amount of the judgment was not diminished by payments made: Vogel *v.* Hughes, 2 Miles 379. Had the judgment in suit been a first lien on the real estate of S. A. Hollister, it would not have been divested by the sale under the ruling of this court in Luce *v.* Snively, 4 Watts 397; Moore *v.* Shultz, 1 Harris 102; Rutty's Appeal, 3 Norris 61. The only disposition that could properly be made of the fund was to impound it in court, and substitute the money for the land, as a security for the performance of the condition of the bond.

*C. L. Baker*, for appellee.—If this was a money bond, it is clear that the surety could not be held beyond the payment of the penalty, his liability could not exceed the judgment, and upon payment of the balance, the appellants could have no further recourse to the fund derived from the sale of his property. This was an ordinary bond, and part payment goes in discharge of the penalty: City *v.* Baxter, 6 Phila. R. 530; Clark *v.* Bush, 3 Cowen 151; Fairlie *et al. v.* Lawson *et al.*, 5 Id. 424. The bond was merged in the judgment. The judgment measured the liability of Hollister, and having paid a part of it the balance only was a valid lien.

Mr. Justice PAXSON delivered the opinion of the court, November 11th 1878.

The bond upon which the judgment which is the subject of this contention was entered, was given to indemnify the county of Erie for the expense of keeping Martha Hollister, a lunatic, and the wife of one of the obligors, at the Western Pennsylvania Hospital for the Insane. The penalty of said bond was $500; the condition was that C. C. Hollister should pay into the county treasury the sum of $39 quarterly, or such other sum as the county should be required to pay for the support of the said Martha Hollister, and fully indemnify the county against all expense for keeping the said Martha, &c. It is clear that this judgment was a continuing

6 NORRIS—28

[Silverthorn *et al. v.* Hollister *et al.*]

security ; it was in the nature of a fixed lien : Luce *v.* Snively, 4 Watts 397 ; Moore *v.* Shultz, 1 Harris 102 ; Rutty's Appeal, 3 Norris 61, and would not have been discharged by the sheriff's sale but for the fact of there being a prior judgment.    It is a mistake to suppose that payments made in accordance with the condition of the bond were payments on account of the penalty.   That remains as a continuing security, and until the non-payment of the quarterly or other sum for the support of the lunatic as required by the county of Erie, there is no breach of the condition.    After breach the obligors can discharge themselves only by the payment of the penalty.

The fund was claimed in the court below by W. C. Goodrich, whose lien is next in point of time.    It is manifest he is not entitled to any portion of it.    After paying over the amount due the county to the date of such payment, it will be the duty of the court below to impound the balance, if any, of the fund for the purpose of defraying the future expenses of the lunatic.

> The order of the court below is reversed, at the costs of the appellees, and it is ordered that the record be remitted to the court below with directions to dispose of the fund in accordance with the views indicated in this opinion.