## McGrath v. Liddell, Appellant.

In an action of ejectment involving the boundary line between two properties it appeared that the plaintiff's garage extended about an inch over the adjoining property in the front, while in the rear it was an inch or two east of the line called for by the deed. In such case the monument on the ground, viz., the garage, controlled. The deed transferred title not only to all of the lot described thereon, but also to so much of the adjoining lot as was covered by the building.

The same rule does not apply to so much of the lot as was encroached upon by the "footing course" of the garage building, beneath the surface, and not visible on the ground. As to it, all the plaintiff can ask is that, in improving his own lot, the defendant shall not weaken or impair the foundation of the former's building. The plaintiff is not entitled to ownership and control of the surface over the footing course on defendant's land, as if the deed conveyed her title to that also; for it was not seen or contemplated by the parties when the conveyance was made.

Argued May 1, 1925. Appeal, No. 165, April T., 1925, by defendant, from judgment of C. P. Allegheny County, July T., 1923, No. 326, in the case of Agnes K. McGrath v. Edwin S. Liddell. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Ejectment to recover possession of nine inches of land on California Avenue in Borough of Avalon. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff. The Court on motion for judgment non obstante veredicto entered the following decree:

"And now, October 31st, 1924, the motion ex parte defendant for judgment n. o. v. is refused. The verdict of the jury is modified to read: 'That the plaintiff is entitled to a nine inch wide strip for the entire length of the McGrath garage

building on the western side.' And if the plaintiff, within ten days of notice of the filing of this order, accepts a verdict for a strip eight inches wide instead of nine inches wide, a new trial is refused; if the plaintiff refuses to accept that modification of the verdict, a new trial is granted.''

Plaintiff filed a stipulation within the required time and judgment was entered on the verdict. Defendant appealed.

*Errors assigned,* among others, were the charge of the court, the refusal of defendant's motions for judgment non obstante veredicto and for a new trial and the decree of the court.

*G. W. Williams,* of *Williams & Edwards,* and with him *John J. Brislin,* for appellant.—Where a building is used as a monument it must have been used in the deed either as a boundary or as a division line: Over v. Lindsay, 255 Pa. 283; Miles Land Co. v. Hudson Coal Co., 246 Pa. 11; Metcalf v. Buck, 36 Pa. Superior Ct. 65.

The additional land covered by the building outside of the lot described in the deed was a grant of an easement: Grace Methodist Church v. Dobbins, 153 Pa. 294; Commonwealth v. Burford, 225 Pa. 93; Liq. Car. Co. v. Wallace, 219 Pa. 457; Casey v. Canning, 43 Pa. Superior Ct. 31; Dzmura v. Gyurik, 41 Pa. Superior Ct. 398; Bashore v. Swartz, 38 County Ct. Rep. 286.

*Thomas L. Kane,* and with him *Charles A. Poth,* for appellee.—The building mentioned in the deed is a monument on the ground and when there is a conflict between courses and distances the monument will prevail: Pringle v. Rogers, 193 Pa. 94; Hall v. Powell, 4 S. & R. 456; Medara v. DuBois, 187 Pa. 431; Chisholm

v. Thompson, 233 Pa. 181; Dunlap v. Reardon, 24 Pa.
Superior Ct. 35.

OPINION BY KELLER, J., July 9, 1925:

Action in ejectment for a strip of ground nine inches
wide by one hundred and ten feet long. Verdict and
judgment for a strip eight inches wide "for the entire
length of the [plaintiff's] garage building on the west-
ern side."

Defendant's deed to plaintiff's grantor,—on which
plaintiff relies,—conveyed "All that certain lot of ground
situate in the Borough of Avalon,.....being the easterly
seventeen (17) feet of lot No. 6 and the westerly sixteen
(16) feet of lot No. 7 in the Avalon Terrace Plan of
Lots......bounded and described as follows: Begin-
ning at a point on the southerly side of California
Avenue, which point is distant two hundred and eighty-
eight feet eastwardly from the southeasterly corner of
Birmingham and California Avenues; thence extending
eastwardly along California Avenue, thirty-three (33)
feet; thence extending southwardly and at right angles
with California Avenue, one hundred ten (110) feet to
a point on the northerly line of Duff alley; thence extend-
ing westwardly along line of said alley, thirty-three (33)
feet to a point; thence extending northwardly and at
right angles with said line of said alley, one hundred ten
(110) feet to a point on the southerly side of California
Avenue, at the place of beginning. Having thereon
erected a one-story and basement brick automobile
garage."

The garage referred to in this deed was thirty-three
feet wide and one hundred feet long, leaving five feet of
the lot not built upon at either end. It was intended to
cover the entire width of the lot but was not located ex-
actly on the side lines of the lot as described in the deed,
nor does it lie exactly perpendicular to California Ave-
nue, at least on its west side. At the front it extends
about an inch over the adjoining lot on the west, while

at the rear it is an inch or two east of the line called for by the deed.

There is no doubt, in our minds, that it was intended by this deed to convey title to the said garage building; and while the description is definite and particular as to the starting point of the west line, (288 feet east of the southeast corner of Birmingham and California avenues), and its course and distance, (southwardly, at right angles with California Avenue, 110 feet), we are of opinion that the deed passed title to the land covered by the building. The monument on the ground, the building, controls. The deed transferred title not only to all of the lot-as described therein, but also to so much of the adjoining lot, belonging to defendant, west of the west boundary line in the deed, as was covered by the garage building: Dikeman v. Taylor, 24 Conn. 219; Chisholm v. Thompson, 233 Pa. 181; Medara v. DuBois, 187 Pa. 431; Dunlap v. Reardon, 24 Pa. Superior Ct. 35. As to the additional land covered by the building, outside of the lot described in the deed, it was in no sense merely the grant of an easement, as claimed by appellant; the case of Grace Methodist Church v. Dobbins, 153 Pa. 294, is not applicable or controlling.

It does not follow, however, that the same rule applies to so much of the defendant's lot as was intruded upon by the "footing course" of the garage building, beneath the surface, and not visible on the ground. This course, the base of the garage's foundation, it appears, is about eight inches wider than the foundation wall, and the additional width is almost altogether outside the line called for in the deed. It was laid by defendant's contractor or builder when the garage was built and was not apparent to either grantor or grantee when the conveyances to plaintiff and her grantor were made. It was discovered when defendant began to erect a building upon his own lot. As to it, all the plaintiff can ask, in our opinion, is that in improving his own lot the defendant shall not weaken or impair the foundation of the

former's building. Plaintiff is not entitled to ownership and control of the surface over the footing course on defendant's land, as if the deed conveyed her title to that also; for it was not seen or contemplated by the parties when the conveyance was made.

If plaintiff, in the erection of a building upon her lot, had built over her line and occupied an inch or two of the defendant's ground with the west wall of her building, at the end of twenty-one years adverse possession thereof she would have acquired title to so much of the defendant's land as she was in notorious and visible possession of; but she would not have acquired title to any additional width of the defendant's land merely by reason of the fact that the footing course of her foundation may have extended eight or ten inches beyond the visible wall. We see no reason for the application of a different rule here. The parties contemplated the conveyance of a thirty-three foot lot and intended to convey the building erected on the lot as a part of the grant. We hold that so much of the defendant's ground as was covered by the visible occupancy of the building passed with the conveyance of the lot, but that this constructive conveyance goes no further than the land visibly occupied. As the footing course was erected by defendant's agent or contractor, he may not disturb it to the injury of the plaintiff, but he does not lose his right to the use and occupancy of the surface above it or the land beneath it.

Any other rule would unsettle the established practice in conveyancing and would require every purchaser of a lot or building to examine and explore the footing course and foundations below ground of an adjoining building, as well as inspect the visible walls.

In this view of the case, the judgment of the court below must be reversed; but we are not able to enter judgment non obstante veredicto in favor of the defendant. It is not clear from the testimony whether as to a portion of the plaintiff's lot included within the deed of

conveyance before mentioned, the defendant has not trespassed upon and occupied it with a part of one of his buildings. As before noted the west line of the plaintiff's garage does not run perpendicular to California Avenue and at the rear it appears there are several inches of space between the outside of its west wall and the west line of plaintiff's lot. If the defendant has occupied with his new building any portion of this space, the plaintiff is entitled to recover a verdict in this action for the space so occupied. Or if defendant has built into plaintiff's west wall to support his building, the latter may recover a verdict for the portion thus illegally occupied. If without such permanent occupancy the defendant has trespassed upon plaintiff's property or made any illegal and unauthorized use of the same, by plastering the west wall or bricking up the windows, or by casting the water upon it from his building, the remedy for such injuries is by an action in trespass, not in ejectment.

The fourth and fifth assignments of error are sustained; the judgment is reversed and a new trial awarded.