107   579
136   553

## Payne *versus* Howard.

A plaintiff in ejectment based his claim upon the ground that the locus in quo was included in an original warrant and survey in 1784–1800, but was, by mistake of a subsequent unofficial survey in 1847, omitted therefrom and consequently was not included in the patent granted in pursuance of the latter survey. The original survey was not offered in evidence. Plaintiff offered testimony to show the alleged error in the second survey.

*Held,* that without proving the original location of the warrant, the attempt made, by an unofficial survey to apply the patent to lands not described therein, was such a departure from recognized rules in ascertaining the true location of a warrant issued by the Commonwealth, that the court below properly entered a nonsuit.

November 5th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county :* Of October and November Term, 1884, No. 122.

Ejectment, by William A. Payne against Samuel Howard, for a tract of land described as follows : " Piece of land in Jefferson township, Allegheny county, Pennsylania, beginning at a post on Samuel Wilson's line ; thence south 86° 22′ W. 48 perches ; thence south 52° 10″ west 50 perches to Kennedy's line ; thence south 52° east across Peter's Creek to line of land of Samuel P. and S. N. Large ; thence along said line to a sugar tree corner on lands of said Larges and Samuel Wilson ; thence along said Wilson's line to a post, the place of beginning, excepting and excluding the enclosed land on the north and south sides of Peter's Creek ; said enclosed side of said creek having a house erected thereon."

The defendant died before trial, and his heirs were substituted of record.

The plaintiff's abstract of title, filed *sec. reg.,* was as follows :

1784, December 10th. Warrant to John Rayburn, surveyed May 6th, 1800.

1797, September 9th. Deed. James Sample, sheriff, to Thomas B. Patterson.

[Payne *v.* Howard.]

1803, September 17th.  Deed.  Thomas B. Patterson  to Samuel Ewalt.

1814, August 27th.   Articles of Agreement, Samuel Ewalt to James Gillam and John Nickle.

Will of James Gillam, deceased, recorded in Register's office of Allegheny county, Will Book No. 6, p. 33.

1847, February 23d.   Patent on Rayburn's warrant to James Payne, executor in trust for the heirs and legal representatives of James Gillam, deceased, enrolled in Patent Book 4, vol. 46, p. 81.

1847, April 24th.   Quit claim deed.  Heirs of John Nickle to James Payne, executor.

1848, March 24th.   Deed.   Executor of James Gillam to Wm. A. Payne.

Extract from Warrant.—*Whereas*, John Rayburn, of the county of ———, hath requested to take up one hundred and sixty acres of land, between lands of William Reed, Benjamin Kirkendall, John Decker and Jacob Decker, in the county of Washington, &c. . . . . .

Courses and calls in the patent, viz:  Beginning at a white oak, and thence by land of Samuel and James Wilson south 38½° west 65 perches, to a post; south 87½ west 48 perches to a red oak; thence by land of Samuel and Isaac Large, south 51° west 49, 9½–10 perches, to a post, near a white oak; thence by land of Hugh Kennedy.

The "History of the Case," as given in the paper book of plaintiff in error was as follows, (the argument of defendant in error did not contain a counter statement):

"The title to the property in controversy in this case is based upon a warrant issued to John Rayburn, dated December 10th, 1784, on a survey made May 6th, 1800, whose interest was sold by Sheriff James Sample to Thomas B. Patterson, dated September 9th, 1797.   Thomas B. Patterson conveyed the same to Samuel Ewalt by deed dated September 17th, 1803, and Samuel Ewalt sold his interest in the same to James Gillam and John Nickle by articles of agreement dated August 27th, 1814.  James Gillam got into the possession of the entire premises, and remained in possession up to the time of his death, preceding which he made his will, which is recorded in Allegheny county in the Register's office, in Will book No. 6, page 33, in which he appointed James Payne executor of his will, who proceeded and obtained a patent on Rayburn's warrant for the heirs or devisees of James Gillam, dated February 23d, 1847, and having obtained a patent for the same, said Payne also obtained a quit claim to himself from the heirs of John Nickle, deceased, dated April 24th, 1847, and then said Payne, executor of the will of said James Gillam sold by

deed dated March 24th, 1848, the property of said James Gillam to William A. Payne, a part of which plaintiff claims is the property in controversy in this suit. When James Payne applied for a patent he employed Mr. Hastings to survey the property in order to get a description of it, and said surveyor, in the presence of the two chain carriers, Joshua Nickle and Joseph Payne, who were directed to carry the chain and measure the distance along the line of Samuel Wilson's until it reached the line of Samuel and Isaac Large, across a portion of Peter's Creek, and that they then ran along the line of said Samuel and Isaac Large to the land of Hugh Kennedy, and from the point where the Large line met the Kennedy line; thence along the Kennedy line until it reaches the Payne line, while the patent calls for the adjoiners, Wilson and Large. The courses and distances in the patent will not meet, nor do they reach the Large line in any one place, showing plainly that the surveyor returned to the surveyor's office a different survey from that which he ran on the ground. While the survey that the surveyor returned is marked on the ground, it is not the survey that was made for James Payne, executor of James Gillam, by said surveyor; consequently, the line which is described in the patent and marked on the ground is not the line of the survey made on the ground for James Payne, executor of James Gillam, deceased. In the trial of the cause the testimony of Joshua Nickle was read in evidence, which evidence showed that Mrs. Howard purchased but about three acres from James Gillam, and that being the case the Howard claim is derived from the Gillam claim from the Commonwealth, and the defendants are estopped from denying the Gillam claim, which is now the claim of William A. Payne. The testimony of Joseph Payne and Nickle agreed as to the location of the line surveyed on the ground by Hastings, and they both stated that the line that Hastings surveyed and which they claimed was the line run by Hastings on the ground, and that said line ran along Wilson's line until it reached the line of Samuel and Isaac Large, and thence along the line of Isaac and Samuel Large until it reached the Kennedy line, and from that point on the Large line along the Kennedy line until it reached the Payne line. The warrant called for all the land included within the boundaries of the Wilson line, the Large line and the Kennedy line, which would include and contain the land now in controversy. The court below, notwithstanding these facts, ordered a compulsory nonsuit to be entered, thereby depriving plaintiff the opportunity of going to the jury on the facts as to there being a mistake or a fraud perpetrated on the said James Payne, executor, by the return of the surveyor to the land office."

(The paper books did not contain a plot.)

On the trial, before STOWE, P. J., at the close of the plaintiff's evidence the judge granted a compulsory non-suit, which the court subsequently refused to take off. The plaintiff took this writ, and filed the following specifications of error:

1. The court erred in sustaining defendant's objection to the offer by plaintiff of the deed of Samuel Wilson from —————— McGogeney, viz.: that plaintiff's counsel offered in evidence deed of Samuel Wilson from —————— McGogeney, for the purpose of showing the line run to on the Wilson line, and where the Wilson line now is.

Objected to as incompetent and irrelevant.

Objection sustained and bill sealed for plaintiff.

2. The court erred in sustaining the objection of defendant's counsel to the offer of plaintiff's counsel to prove by David Donaldson the occupancy of the land in dispute, by the exercise of ownership since 1847, when the survey was made under the warrant upon which the survey was based, as including all the land between the Wilson and the Large line, notwithstanding the courses and distances in the patent do not reach or touch the Large line, but that the patent calls for the Wilson line and the Large line, as adjoiners, viz.:

Objected to, that the offer is not in accordance with the abstract of title.

Objection sustained and bill sealed.

3. The court erred in sustaining the objection of defendant's counsel to that part of testimony of Joshua Nickle, marked in pencil, viz.: (Q. Do you know how much land Mrs. Howard claimed at that time. Objected to as irrelevant and incompetent. A. I think it was somewhere in the neighborhood of three acres.) By the court: I think that part objected to is incompetent, as we have nothing to do with the claim of the defendant as yet. Objection sustained and bill sealed for plaintiff.

4. The court erred in allowing defendant's motion for non-suit, viz.: Defendant's counsel moves the court for judgment of peremptory nonsuit, for the reason that the plaintiff has failed to show that the ground in controversy is within the patent and deeds under which he claims title.

Motion allowed, with leave to move the court in banc to take it off.

*John R. Large*, for the plaintiff in error.

*Thos. C. Lazear*, for defendant in error.

Chief Justice MERCUR delivered the opinion of the court November 13th, 1884.

[Bank v. Hall.]

It is well settled that when the courses and distances given in a return of survey differ from the natural and artificial boundaries on the ground, the latter shall govern. Where there are no such monuments on the ground, and there is a discrepancy between the courses and distances given and the adjoining lands called for, the latter will prevail: Koch v. Dunkel, 9 Norris 264. But in ascertaining the location of a tract of land, the inquiry is not where it should or might have been located, but where it actually was located: Northumberland Coal Co. v. Clement, 14 Norris 126.

In plaintiff's abstract of title furnished, it is averred that the warrant issued on the 10th of December, 1784, and the survey thereon was made on the 6th of May, 1800; but that survey was not given in evidence. Hence the case lacks the essential evidence of official location on the ground.

It is true a patent dated the 23d of February, 1847, was given in evidence, and some evidence was given of a survey made about 1850. It is not proved by what authority that survey was made, and one of the persons who carried chain in making it, testifies that the patent does not cover the land as surveyed. Thus without proving the original location of the warrant, and when it is shown that the land in contention is not covered by the patent, the attempt is made by an unofficial survey, to apply the patent to other lands. This is such a departure from all recognized rules in ascertaining the true location of a warrant issued by the Commonwealth, that the court very correctly took the case from the jury.

Judgment affirmed.