# Franklin Heimbach et Ux., Appts., *v.* Uriah K. Hartzell.

A subsequent purchaser, with notice of an unrecorded title, is protected against such title by the equity of a former purchaser without notice.

A frame shop was built against the brick wall of a stable on adjoining premises, the rafters fastened to the wall with iron spikes; on the front of the wall, from the top to the bottom, was nailed a 4-inch board, to which other boards were fastened so that the building projected beyond the stable some 2½ feet. *Held,* that the structure was not of such a character as to put a vendee on notice that the wall was appurtenant to the shop.

(Argued February 15, 1886. Decided January 24, 1887.)

January Term, 1885, No. 337, before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas of Lehigh County dismissing exceptions to master's report and entering a decree for complainant in a bill for an injunction. Affirmed.

The bill alleged that the defendants, Franklin Heimbach and wife, were preparing to erect houses on a lot adjoining plaintiff's stable, and had cut holes in the wall of the stable for the purpose of resting beams and joists in the erection of the houses, with a prayer for an injunction restraining them from interfering with the wall in any way, and for general relief. The answer alleged that the defendants were owners of the wall by purchase, by an unrecorded agreement in writing, quoted in the opinion of the supreme court. C. J. Erdman, Esq., was appointed master, who reported, *inter alia:*

That complainant's predecessor in title, M. C. L. Kline, had no knowledge of any transfer of the wall and by articles of agreement dated December 21, 1881, destroyed on delivery of the deed, sold the premises to Hartzell, who at that time paid $100, part of the consideration money; that a few weeks before April, 1882, Franklin Heimbach and Uriah Hartzell had a conversation in which the former casually remarked that he had bought the wall from Dresher, but had no paper on record for it, but no formal notice was served nor did Hartzell know that Franklin Heimbach or Sarah Heimbach would ever claim the wall before delivery of the deed and payment of the balance of the purchase money; that the erection of the frame shop against the brick stable was no sufficient notice or indication of a right to the wall to put persons purchasing upon inquiry, no constructive notice to the world; that the one half of the wall was worth $60.15.

The master accordingly recommended a decree that the defendants pay that amount to the plaintiff, with interest from the date of the filing of the bill, and the costs.

The defendants excepted to the above findings and also that the master erred in not dismissing complainant's bill, and in reporting a decree in favor of complainant.

The court, ALBRIGHT, P. J., dismissed the exceptions and entered a decree as recommended by the master.

The assignments of error specified the action of the court in dismissing the exceptions *seriatim;* in entering the decree as above mentioned; in not entering a decree dismissing plaintiff's bill with costs; and in confirming the master's report.

Other facts are stated in the opinion of the supreme court.

*James B. Deshler,* for appellant.—The receipt is a sufficient

memorandum or agreement in writing, within the statute of frauds, to pass title to the wall in question. The statute is satisfied by a note in writing, not under seal, signed only by the party called on to fulfil it, if the owner has accepted it. M'Farson's Appeal, 11 Pa. 503; Cadwalader v. Appeal, 81 Pa. 194; Ross v. Baker, 72 Pa. 186; Smith's Appeal, 69 Pa. 474; Lowry v. Mehaffy, 10 Watts, 387.

When Hartzell received notice of the equitable title of Heimbach to the use of the wall in question, he had the right to retain enough of the purchase money in his hands to indemnify himself against a partial failure of title, or rescind the contract and recover back the purchase money paid, unless his vendor was ready and willing to indemnify him against loss by reason of the outstanding equitable title. Irvin v. Bleakley, 67 Pa. 24.

Notice of an outstanding equitable title to the vendor is in time, if given at any time before he takes title and pays the purchase money. Henry v. Raiman, 25 Pa. 354, 360, 64 Am. Dec. 703.

Anything that would put a prudent man upon inquiry, it has often been held, is equivalent to notice. Churcher v. Guernsey, 39 Pa. 84; Maul v. Rider, 59 Pa. 167; Jaques v. Weeks, 7 Watts, 261; Hottenstein v. Lerch, 12 W. N. C. 4; Jamison v. Dimock, 95 Pa. 52.

Implied or constructive notice which arises from legal inference drawn from facts and circumstances is effectual to charge a purchaser or mortgagee, when the circumstances are of such a character that the failure to obtain the knowledge would be gross or lawful negligence. Phillipsburg Sav. Bank's Appeal, 10 W. N. C. 265.

Clear, open, notorious, and unequivocal possession at the time of the purchase is equivalent to constructive notice. Meehan v. Williams, 48 Pa. 238; Green v. Drinker, 7 Watts & S. 440: Sailor v. Hertzog, 4 Whart. 259.

*Marcus C. L. Kline,* for appellee.—The facts found by the master and approved by the court below will not be disturbed, unless for plain error. Kisor's Appeal, 62 Pa. 428; Brua's Appeal, 55 Pa. 294; Gilbert's Appeal, 78 Pa. 266; Sproull's Appeal, 71 Pa. 137; Kutz's Appeal, 12 W. N. C. 27.

The bill of sale was of no consequence, for it was unrecorded; and there was no notice of it; and it was not in form a convey-

ance of any interest in the realty.    Knight v. Beenken, 30 Pa. 372.

The law says that possession or occupancy, to be equivalent to constructive notice, must be clear, open, notorious, and unequivocal at the time of the purchase.    Meehan v. Williams, 48 Pa. 238.

If it would appear to the eye that appellants had built their frame building against the stable, without any right, claim, or title in them to said northern wall, then the possession of appellants as described would not be legal notice of their title to a purchaser.    Billington v. Welsh, 5 Binn. 129, 6 Am. Dec. 406.

Notice, after purchase, payment of part of purchase money, and before the delivery of deed, is not sufficient and not in time. Youst v. Martin, 3 Serg. & R. 423, 429, 433.

The plaintiff could protect himself by the equity of Kline, the former purchaser, who purchased without any such notice. Filby v. Miller, 25 Pa. 264.

As the specific relief prayed for could not be granted, the decree of the master, awarding compensation in damages in lieu thereof, should be confirmed.    Masson's Appeal, 70 Pa. 26.

OPINION BY MR. JUSTICE GORDON:

From the statements of counsel which we have before us, as well as from the master's report, we gather the following facts:

On the 18th of September, 1873, Charles Dresher owned the property on which that of the appellants abuts, and on that day he executed to Heimbach the following paper:

Allentown, September 18, 1873.

Received of F. Heimbach, by cash, $37.50, for joining wall on the northwest side, joining F. Heimbach on the south side wall, thirty feet.                        Charles Dresher.

On the lot of Dresher there was at this time a brick stable built up to the Heimbach line, and it is the wall of this building which is mentioned in the paper above recited.    Against this wall Heimbach built a frame shop, fastening the rafters thereof to the brick wall with iron spikes, and on the front of the wall, from the top to the bottom, he nailed a 4-inch board, and to that other boards were fastened so that the building projected beyond Dresher's stable some 2½ feet.

On the 29th day of November, 1881, this Dresher property was sold at sheriff's sale to M. C. L. Kline, who afterwards sold it to the appellee by deed dated March 29, 1882. Then, in April of the same year, the frame shop was taken down, and the appellants put up their brick building, using the wall belonging to the complainant as stated in the bill. Now, of the right of the appellants as set forth in the paper above recited, according to the master's finding, Kline, the vendor of the appellee, had no notice, so that whether Hartzell, his vendee, had such notice or not is of no consequence, for he was protected by the equity of Kline. Filby v. Miller, 25 Pa. 264.

The only remaining question then is, Was the wooden erection as it stood when Kline bought sufficient to put both him and his vendee on notice? We think, with the master, it was not. To all appearances it only adjoined the brick stable, and at best its fastenings, by the spikes and wooden strip, were of so slight and temporary a character that no one would be likely to suppose that the brick wall was appurtenant to the shop.

Appeal dismissed and decree affirmed, at the costs of the appellants.