## A. O. Pyles, Appellant, *v.* Mrs. Sidney H. Brown.

*Deeds and mortgages — Recording acts — Index — Searches — Act of March* 18, 1875.

A grantee or mortgagee must search for conveyances and mortgages made by any one who has held the title; with conveyances and mortgages to them he has nothing to do. This rule has not been changed by the Act of March 18, 1875, P. L. 32, which requires recorders of deeds to prepare and keep in their offices direct and adsectum indexes of deeds and mortgages, and provides that " the entry of recorded deeds and mortgages in such indexes respectively shall be notice to all persons of the recording of the same."

Where an owner neglects to record his title every presumption is in favor of a subsequent purchaser, and vague and indefinite recitals are not sufficient notice to put him on inquiry outside the record.

Where a mortgagee has a clear search against every one who appeared at any time to have held the title, he is not affected by the recital in a satisfied mortgage, since he is not bound to go back over the records of satisfied mortgages to look for recitals.

Argued Nov. 7, 1898. Appeal, No. 144, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1897, No. 709, on verdict for defendant. Before Green, Mc-Collum, Mitchell, Dean and Fell, JJ. Affirmed.

Ejectment for a lot of ground in the city of Pittsburg. Before Porter, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.

*Error assigned* was the instruction of the court.

*George M. Hosack*, with him *John A. Murphy*, for appellant.—
A mortgagee or assignee of a purchase money mortgage, who re-
cords the mortgage and assignment thereof within five days after
its date and delivery, is not bound to do more, or once having
put his mortgage on record, to concern himself about future
dealings with the property by other parties: Coleman v. Rey-
nolds, 181 Pa. 327; Fries v. Null, 154 Pa. 580; Philips v.
Bank of Lewistown, 18 Pa. 394.

Mrs. Sidney H. Brown had notice of plaintiff's mortgage from
the recitals in deeds in her chain of title: Parke v. Neeley, 90
Pa. 52; Merrill v. Ireland, 40 Me. 569; Ætna Life Ins. Co. v.
Bishop, 69 Iowa, 645; State v. Shaw, 28 Iowa, 67; Hall v.
Orvis, 35 Iowa, 366; Baker v. Mather, 25 Mich. 51; Reeder
v. Barr, 4 Ohio, 446; Bell v. Twilight, 22 N. H. 500; Brush v.
Ware, 15 Pet. 93; White v. Foster, 102 Mass. 375; Oliver v.
Piatt, 3 How. 333; Morrison v. Morrison & Berry, 38 Iowa,
74; Westervelt v. Wyckoff, 32 N. J. Eq. 188; Ætna L. Ins.
Co. v. Ford, 89 Ill. 252; McRimmon v. Martin, 14 Texas, 318;
Major v. Bulkey, 51 Mo. 227; White v. Foster, 102 Mass.
375; Buchanan v. Balkum, 60 N. H. 406; Hull v. Sullivan, 63
Ga. 126.

*T. S. Brown*, with him *W. G. Stewart*, for appellee.—The
searcher is bound to examine for conveyances and mortgages
made by those whose names appear in the chain of title, upon
which he must depend, and not against outsiders and strangers
to that chain: Keller v. Nutz, 5 S. & R. 246; Hetherington v.
Clark, 30 Pa. 393; Schell v. Stein, 76 Pa. 398.

A mortgage cannot stand in better position than a grantee in
a deed would do: Collins v. Aaron, 162 Pa. 539.

The rule is well settled that a record is notice of the facts
appearing therein only to one whose title depends upon it, or is
derived through it in some way: Wade on Notice, sec. 325;
Kan. City Land Co. v. Hill, 87 Tenn. 589; McLanahan v. Ree-
side, 9 Watts, 508; Boggs v. Varner, 6 W. & S. 469.

A recital in a deed, to constitute notice of the facts referred
to, must be definite enough to point to the essential features of
those facts. Mere vague and indefinite recitals do not amount
to notice: Wade on Notice, sec. 316; Boggs v. Varner, 6 W. &
S. 469; Barlow v. Beall, 20 Pa. 178; Friedley v. Hamilton, 17
S. & R. 70; Magaw v. Garrett, 25 Pa. 319.

The chain of title shown by the record, upon which appellee's mortgage rested, and from which her present title to the premises is derived, is straight, clean and conclusive from Mary Kaufman, through Hughes and the Williamses. It is clear of incumbrances, and all deeds were duly recorded within the statutory limits of time. It is then undoubtedly the best title, under the recording acts, and under all the authorities: Lightner v. Mooney, 10 Watts, 407; Penna. Salt Mfg. Co. v. Neel, 54 Pa. 9; Fries v. Null, 154 Pa. 573; Goundie v. Water Co., 7 Pa. 233; Hulett v. Ins. Co., 18 W. N. C. 374; Losey v. Simpson, 11 N. J. Eq. 246.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The appellant acquired title to the lot for which ejectment was brought by sheriff's sale under proceedings on a purchase money mortgage given by Holland to Kaufman, dated May 19, 1892, assigned by Kaufman to Thos. Brown, and recorded May 24, 1892. No deed from Kaufman to Holland was ever recorded, and there was no direct evidence that a deed had ever been executed and delivered. June 1, 1892, Kaufman executed and delivered a deed for the same lot to Hughes, who conveyed to C. E. Williams, who conveyed to B. M. Williams, who on October 14, 1895, executed a mortgage to the appellee, S. H. Brown. Judgment was obtained on this mortgage and the lot was sold by the sheriff and purchased by the appellee March 1, 1897.

As the appellant's title was founded on an unrecorded deed from Kaufman, and the appellee had a clear record title back to Kaufman, it was incumbent upon the appellant to prove the execution and delivery of the deed upon which his title was based, and as it was not recorded to show actual or constructive notice to the appellee. At the trial no proof was offered of the execution and delivery of a deed from Kaufman to Holland, or of actual notice to any one, but the attempt was made to show constructive notice from the records of the recorder's office.

Kaufman purchased of Dick by deed dated May 2, and recorded May 24, 1892, and gave Dick a purchase money mortgage for $3,000, which covered this and an adjoining lot of the same size and value. This mortgage was assigned to Thos. Brown, who on May 24, 1892, released the lot in dispute from

its lien by a writing on the margin of the record, by which he acknowledged the receipt of $1,500 on account of the mortgage and released from the lien thereof " that portion of the within mortgaged premises as conveyed by within mortgagor to John S. Holland, by deed of May 19, 1892, and to be recorded." The deeds from Kaufman to Hughes and from Hughes to C. E. Williams contain recitals that the conveyances are made subject to a mortgage debt of $1,500. It was claimed that the recital in the release indorsed on the margin of the record of the mortgage of Kaufman to Dick was notice to the appellee of the conveyance by Kaufman to Holland, and of title in the latter, and that the recitals in the deeds mentioned were notice of the mortgage of Holland to Kaufman, and put the appellee on inquiry.

It should be noted that the recitals in the deeds do not give the names of the parties or the date and place of record of the mortgage referred to, and that the deed from C. E. to B. M. Williams, the last in the chain of title, does not contain the recital of a mortgage, and that the mortgage given by Kaufman to Dick was satisfied September 22, 1892, more than three years before B. M. Williams took title to the lot and created the mortgage in which is the foundation of the appellee's title.

The first proposition of the appellant is that the entry of a mortgage in either the direct or adsectum index is notice to all persons of the recording of the same, and that it is the duty of the mortgagee to search both indexes against every name in the chain of title. The second proposition, which is a corollary of the first, and should be considered with it, is that the holder of a purchase money mortgage, which has been recorded within sixty days of its date, need not concern himself about further dealings with the property by others, and need not see that his mortgagor's deed is recorded. These propositions are based upon a construction claimed for the Act of March 18, 1875, P. L. 32. This act requires recorders of deeds to prepare and keep in their offices direct and adsectum indexes of deeds and mortgages, and the third section provides "the entry of recorded deeds and mortgages in said indexes, respectively, shall be notice to all persons of the recording of the same." The construction claimed would require the examination of all conveyances and mortgages to as well as by any one whose name appears in the chain of title. It would make unnecessary the recording of a

deed if a purchase money mortgage given with it were recorded, as a title derived under proceedings on the mortgage would be superior to the title of a subsequent grantee of the mortgagor.

The rule has always been that the grantee or mortgagee must search for conveyances and mortgages made by any one who has held the title; with conveyances and mortgages to them he has nothing to do. The act of 1875 was certainly not intended to change this rule and to impose a burden for which there is no sound reason and which would extend and multiply the risks of conveyancing indefinitely. As suggested in the argument of the appellee's counsel, the act was probably passed to remedy the defects in the recording acts pointed out by Chief Justice AGNEW in the opinion in Schell v. Stein, 76 Pa. 398, decided in 1874. The act did not change the practice in many counties in which grantee and mortgagee indexes had been kept, but made the practice uniform by requiring general indexes to be kept in all counties. The purpose of the act was to require the keeping of general indexes, which before its passage had not been obligatory; and the provision that the entry of deeds and mortgages in the general indexes shall be notice of the recording of the same means that it shall be notice to all persons who in the examination of titles have occasion to search for conveyances and mortgages. It was not intended to create a new duty in this regard, nor to enlarge or extend the rule as to constructive notice.

The only ground for the inference of a conveyance from Kaufman to Holland was the recital in the purchase money mortgage given by Holland to Kaufman, and the recital in the marginal release of the mortgage given by Kaufman to Dick. The latter mortgage had been satisfied of record more than two years before the appellee took the mortgage on which her title was founded. It is unnecessary to consider what effect, if any, such a recital would have, as the appellee had a clear search against every one who appeared at any time to have held the title; and the recital did not affect her, as she was not bound to go back over the records of satisfied mortgages to look for recitals. As before stated the deed from C. E. to B. M. Williams, the last one in the chain of title, contained no recital of a mortgage, and the recitals in the two former deeds did not give names, dates or places of record. A search would have disclosed no

mortgage given by any one in the chain of title, except the satisfied mortgage of Kaufman to Dick, and it substantially answered the call of the recital.   There was no proof that the recitals referred to the Holland mortgage, and if this mortgage had been found it was a mortgage given by one who as far as the record and evidence show never held the title.   Where an owner neglects to record his title, every presumption is in favor of a subsequent purchaser, and vague and indefinite recitals are not sufficient notice to put him on inquiry outside the record.   The appellant failed to show title in Holland, and a verdict was properly directed against him.

The judgment is affirmed.