# Meyers *versus* Robinson *et al.*.

1. Robinson made a plan of lots numbered on the plan which was recorded; he sold and conveyed lots 271 and 272 and 268 and 269. He brought an ejectment for lot 270, which was between 269 and 271, the owner of the other four lots being in possession of it. Evidence for the defendant that Robinson negotiated for the sale of 271 and 272 on condition that 270 should be an alley, the purchaser paying an enhanced price for two lots on that account: and that in the deed for 271 and 272 and other lots, 270 was called for as an alley: *Held* to be inadmissible, there having been no dedication of 270 as an alley.

2. The intention of the grantor must be gathered from the deed and its construction cannot be varied by parol.

3. The deed referred to the plan which was made a part of it; the plan was to be treated as if incorporated into the deed.

4. Robinson *v.* Myers, 17 P. F. Smith 9, adhered to.

October 16th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 98, to October and November Term 1873.

This was an action of ejectment brought July 20th 1867, by Gen. William Robinson, Jr., against Joseph Meyers, for lot No.

270 in the plaintiff's extension of Allegheny City called "Buena Vista." The plaintiff having died after the commencement of the suit, John D. Robinson and others, his heirs and devisees, were substituted as plaintiffs. The title of the lots included in the plan was admitted to have been in the plaintiff. In 1854 he adopted a plan of lots, acknowledged it July 19th, and it was recorded in the recorder's office of Allegheny in "plan book," &c., under the name of "Buena Vista."

The case had been tried before, when the verdict and judgment were for the defendant. The judgment was reversed by the Supreme Court and a *venire facias de novo* awarded. The case is reported in 17 P. F. Smith 9, where all the facts are given. It was again tried May 21st 1873, before Stowe, J. The plaintiffs having given their title in evidence rested.

The defendant then made the following offer of evidence :—
\*          \*          \*          \*          \*          \*          \*

2. That Gen. Robinson made John Ramsey his agent for the sale of lots, acting also as scrivener; that the bargains for lots were made by purchasers with said Ramsey, he receiving the purchase-money, and delivering the deeds for lots sold.
\*          \*          \*          \*          \*          \*          \*

4. That Gen. Robinson, through his agent, John Ramsey, negotiated with James Morgan for the sale of Nos. 271 and 272 on Taylor avenue, on said plan, upon condition that lot No. 270, adjoining, should be made an alley; he, Morgan, agreeing to pay, in consideration thereof, an enhanced price for said two lots, Nos. 271 and 272; he, the said Robinson, being at the time the owner of all of said lots, Nos. 270, 271 and 272.

5. That in pursuance of said negotiation, Gen. Robinson did change his recorded plan, so as to make lot No. 270 an alley; the said change being made inartificially through and by his agent, John Ramsey, by calling in his deed, dated February 14th 1857, to said Morgan, for the said lot, as an alley; and that said call was so made in said deed before any delivery of a deed to said Morgan for said two lots; the said deed being accepted by said Morgan, and payment made by him, only upon the fact that the said deed secured the said alley, as an alley for the extent of the said lot; and that said deed was delivered and accepted, and purchase payments made and accepted upon that understanding; the said Morgan having no attorney of his own in the transaction, but relying on the fairness and capacity of said Ramsey in the premises.

6. That subsequently, on the 22d of November 1858, by his deed to W. C. Maholm, Gen. Robinson recognised the said plan as changed, by substituting an alley in lieu of lot No. 270, in said plan; the said deed conveying lots Nos. 268 and 269, bounded by an alley, located on said lot No. 270.

7. That the lots described in the said deed to Morgan, Nos. 271

[Meyers v. Robinson.]

and 272, and the lots described in the said deed to Maholm, Nos. 268 and 269, were sold to the defendant by deed, dated 21st September 1865, and deed dated December 7th 1866.

8. That Robinson well knew the transaction, having several years afterwards refused to pay the assessment for municipal purposes on lot No. 270, changed into an alley, giving as reason, that he had made an alley of it by arrangement with Morgan.

9. That said Robinson had previously changed his said plan, by locating an alley on the rear end of these and the other lots fronting on the north side of Taylor avenue in a similar way, by calling for the same in the deeds as he sold, permitting his plan to remain unchanged of record.

That when the sale was made to Morgan, the said alley was and had been enclosed as a lot by Gen. Robinson; that Morgan put a large gate on the alley; that he used and kept it in that condition, travelling in, upon and over the same, by himself, his employees and cattle until the sale to Meyers in December 1866, and that the alley remained in that condition until the vacation of the same by the Court of Quarter Sessions of this county. That Robinson reserved no right to himself, his heirs or assigns, to use the said alley, and that no other parties than Morgan, and those who claim under him, had any right to use the said alley.

The plaintiffs' counsel objected to the offer.

By the court:—

"The only question of serious importance here is (as admitted by defendant's counsel), whether proof, such as offered in sect. 4 of defendant's offer, followed by such other facts as are suggested and as have already been before the Supreme Court, so changes this case as to make it such as will sustain the possession of defendant. We think not, but are of opinion that such proof, if given, would not prevent the plaintiffs recovering in this suit, and therefore the evidence as offered is refused, and bill sealed for defendant."

The verdict was for the plaintiffs. The defendant took a writ of error and assigned the rejection of his offer of evidence for error.

S. Schoyer, Jr., for plaintiff in error.—The call in a deed for an alley estops the grantor from denying that there was such alley: Paul v. Carver, 2 Casey 225; Cox v. Freedley, 9 Id. 130; Ball v. Ball, 1 Phila. R. 37.

M. A. Woodward and M. W. Acheson, for defendants in error, cited O'Linda v. Lothrop, 21 Pick. 292; Union Burial Soc. v. Robinson, 5 Wharton 18; Wasburn on Easements 129, 196; Cooper v. Smith, 9 S. & R. 26.

The opinion of the court was delivered, March 2d 1874, by

WILLIAMS, J.—This case was before us on a former writ of error, and is reported in 17 P. F. Smith 9. All the questions presented by the defendant's offer of evidence, the rejection of which is assigned as error, were then considered and decided, with the exception of that which arises on the fourth paragraph of the offer. The ejectment is for lot No. 270 in the plan of lots, called "Buena Vista," laid out by William Robinson., Jr., under whom the plaintiffs claim title as heirs at law. The defendant offered to prove that General Robinson, being the owner of lots Nos. 270, 271 and 272, in said plan, through his agent, John Ramsey, ne-. gotiated with James Morgan for the sale of lots Nos. 271 and 272, upon condition that lot No. 270, adjoining, should be made an alley; Morgan agreeing to pay, in consideration thereof, an enhanced price for the two lots. It is not pretended, nor was it offered to be shown, that General Robinson ever made a dedication of the lot in dispute to the use of the public as an alley or highway; or that in point of fact he ever laid out and opened an alley over it, or that it was ever used as an alley by the public or by the owners of the adjoining lots. On the contrary, the defendant, in the ninth paragraph of his offer, "proposed to show that when the sale was made to Morgan the said alley was and had been enclosed as a lot by Gen. Robinson; that Morgan put a large gate on the alley; that he used and kept it in that condition, travelling upon and over the same by himself, his employees and cattle;" (in other words, that he used it for a cattle-pen,) "until the sale to the defendant, and that the alley remained in that condition until the vacation of the same by the Court of Quarter Sessions of Allegheny county, at March Sessions 1867." The defendant did, indeed, allege and offer to show in the fifth and sixth paragraphs of his offer, that, in pursuance of the negotiation between Morgan and Ramsey, General Robinson did change his recorded plan so as to make lot No. 270 an alley, by calling in his deed to Morgan for the said lot as an alley; and that he subsequently recognised the said plan, as changed, by his deed to W. C. Maholm conveying lots Nos. 268 and 269, bounded by an alley located on lot No. 270. The deeds speak for themselves, and their construction cannot be varied or changed by parol. The intention of the grantor in making them is to be gathered from the language and not from evidence *aliunde*, showing a different intent from that expressed on their face. Both deeds refer to the recorded plan and make it a material and essential part thereof, and must, therefore, be read as if the plan was incorporated and copied into them. So far, then, from it appearing that any change was intended in the plan, the legal inference from its recital in the deeds is directly the reverse. It is clear that the deeds were executed for the purpose of conveying to the grantees the lots which they purchased, and not for the

[Meyers *v.* Robinson.]

purpose of changing the recorded plan by converting the intervening lot into an alley; and if they conveyed any right to the use of the lot as an alley, they did it by way of estoppel; and when this right was extinguished, the defendant, as shown in the opinion delivered on the former writ of error, ceased to have any interest in the lot whatever. Did he then acquire any title to the lot under the contract proposed to be proved? All that he offered to show, in addition to the facts disclosed by the evidence given on the former trial, was a parol contract for the lot as an alley, in consideration of the enhanced price paid for the adjoining lots, without any proof of its execution or part performance. The offer admits, as we have seen, that the lot was never opened or used as an alley. It needs no argument to show that such a contract, if the agent had authority to make it, would be void under the Statute of Frauds, and that it could not vest in Morgan any title to the lot which would pass to the defendant as incident or appertenant to the grant and conveyance of the adjoining lots. If Morgan had no title by virtue of the alleged contract, he could convey none, and therefore the evidence was rightly rejected.

Judgment affirmed.