## A. K. WARFEL v. H. C. KNOTT.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER
COUNTY.

Argued May 22, 1889—Decided October 7, 1889.

(*a*) The owner of a lot, upon which was erected two dwellings with a
common dividing wall, conveyed one of the dwellings and the lot on
which it stood, reserving four inches of a private alley which was also
over the grantor's property.

(*b*) His deed, which was to the grantor of the defendant, described the
lot conveyed as being twenty-two feet front, but did not give the width
of the alley, which width, however, was stated in the articles of sale
between the parties thereto as being two feet four inches.

1. The written agreement for the sale of the lot to the grantor of the de-
fendant, which preceded the deed, was competent evidence to aid the
court and jury in a correct understanding of the description of the lot
in the deed, already in evidence.

2. It was not error to ascertain the front line of the lot by beginning at
the middle line of the division wall between the dwellings, and measur-
ing twenty-two feet thence along the line of the street upon which
the houses stood.

3. Where, in specifications of error to the admission or rejection of evi-
dence, neither the offers, nor the objections, nor the rulings of the court
thereon, appear, they are not in accordance with the Rules of Court.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 164 January Term 1889, Sup. Ct.; court below, No. 52
June Term 1875, C. P.

On May 20, 1875, A. K. Warfel brought trespass quare clau-
sum fregit against Henry C. Knott, to recover damages for the
alleged wrongful act of Knott in breaking into plaintiff's close
and tearing down his fence.   Plea, not guilty.

At the trial, on October 15, 1888, the facts shown were in
substance as follows:

In 1871, Henry C. Knott owned a lot of ground on the east
side of North Queen street, in Lancaster, and erected thereon two
two-story dwellings together, having a common dividing wall.
There was a private alley just north of the building, on land

belonging to Knott.   On August 8, 1871, Knott agreed in writing to sell the north dwelling to A. M. Wilson, the description of the property in the articles being as follows : "all that certain two story house and lot or piece of ground, situate on the east side of North Queen street, in said city of Lancaster ; said house and lot numbered 645, in accordance with the late city plan, adjoining other properties of the said Knott, except four inches of the two feet four inch alley, consisting of twenty-two feet front, strict measure, and in depth from North Queen back to the alley.   The said Wilson shall have the use of the four inches fenced in with said private alley, as long as the said Knott does not build or sell the ground adjoining."

On September 13, 1871, a deed was made by Knott to Wilson which described the lot conveyed as twenty-two feet on North Queen street, and contained the following reservation : " The said Henry C. Knott, however, reserves four inches of ground now included in the private alley on the north of the within described premises, together with the whole of the fence, and to remove the same at his option, so as to cut off the said four inches along the whole line on the north."

On April 1, 1873, Wilson conveyed the property to A. K. Warfel, and the latter shortly afterward moved the fence along the alley nearer to the dwelling than it had stood, but Knott, claiming that the fence was still beyond the line of Warfel and upon his own alleyway, tore it down, when Warfel brought this suit.

The plaintiff's case in chief having been rested, the defendant offered in evidence the agreement between H. C. Knott and A. M. Wilson, dated August 8, 1871.

Objected to by Mr. Baker, for the plaintiff.

By the court: The following portion of the agreement is admitted : "Adjoining the properties of the said Knott, except four inches of the two feet four inch alley, consisting of twenty-two feet front, strict measure."   The balance rejected.   Mr. Baker excepts to the part admitted, and defendant's counsel except to the part rejected; exceptions.[1] [2] [3]

At the close of the testimony, the court, LIVINGSTON, P. J., charged the jury in part as follows :

Charge of Court below.

The plaintiff requests the court to charge [inter alia]:

2. If the jury believe that the defendant has got his four inches, as reserved in his deed, then he has all he is entitled to, and any encroachment by him is a trespass, and the plaintiff is entitled to recover.

Answer: If the defendant has all he reserved, and as he reserved, of the alley of 2 feet 4 inches, he has all he is entitled to, and if he trespassed beyond that on land of Warfel, plaintiff is entitled to recover.[4]

3. To ascertain a given point in the description of real estate, designated by deed as the point of beginning, the starting point named in the deed must be accepted, and not any other point.

Answer: This is correct, where a starting point is named or specified in the deed.[5]

4. The deed from Knott to Wilson and from Wilson to Warfel, both having named the north line of the alley as the starting point, the same must be accepted as such.

Answer: This is refused, as neither deed before us fixes the north line of the alley, or any point upon it, as the starting point.[6]

The deeds specify the quantity conveyed as 22 feet front on North Queen street, from the north line. [Where is the north line? The deeds do not state where it is; they give no definite mark, no pin, stone, post, no definite point as deeds frequently do.][8] It appears from the draft and the evidence of Mr. Gerhart, the engineer, that, measuring from the middle wall between the houses of Knott and Warfel, Warfel has $4\frac{1}{2}$ inches over the 22 feet including the alley, and that the line is $5\frac{1}{2}$ inches south of where the old fence stood. In the deed, Knott reserves 4 inches of a private alley. The deed does not show how wide the private alley was. [To get the width of the private alley, we admitted the agreement between Knott and Wilson, which was produced. It does not contradict the deed, but it does show and define the width of the alley, before the deed was made, as 2 feet 4 inches. They fixed the width of that private alley then and there; agreed it was 2 feet 4 inches, and Knott reserved 4 inches of that 2 feet 4 inches, thus leaving the alley two feet wide; that was the alley Wilson bought, and he could convey no more than he bought.][9]

[Taken in that way and measuring from the house north, would fix the north line; and measuring from that point south to the middle of the division wall between Knott and Warfel's houses, would be 2 feet, but the draft shows the alley to be 22 feet 4½ inches, now, as Warfel has set his fence, and makes his front instead of 22 feet, 22 feet 5½ inches as the fence now stands.][10]

\* \* \* \* \* \* \* \*

The jury returned a verdict in favor of the defendant. A rule for a new trial having been discharged, judgment was entered on the verdict, when the plaintiff took this writ, the assignments of error being as follows:

1. " The court below erred in admitting as evidence the article of agreement to convey, between H. C. Knott and A. M. Wilson, of the premises in dispute, as is particularly set forth in appendix, pages 17 and 18."

2. " The court below erred in admitting as evidence only so much of the agreement between H. C. Knott and A. M. Wilson to convey, etc., as appears in brackets, viz.: ' Adjoining other properties of said Knott, except four inches of the two feet four inch alley, consisting of twenty-two feet front, strict measure.' "

3. " The court below erred in not admitting as evidence so much of the agreement between H. C. Knott to convey, as appears therein, viz.: The said Wilson shall have the right of the four inches, fenced in with said private alley, as long as the said Knott does not build or sell the ground adjoining."

4–6. The answers to the plaintiff's points.[4 to 6]

8–10. The portions of the charge embraced in [ ] [8 to 10]

*Mr. Philip D. Baker*, for the plaintiff in error.

*Mr. D. McMullen*, (with him *Mr. H. C. Brubaker*), for the defendant in error.

OPINION, MR. JUSTICE WILLIAMS:

The controversy in this case is over a very narrow strip of land, and the debatable ground covered by the legal questions is but little wider. The first, second, and third assignments of

Opinion of the Court.

error are not in accordance with the rules of this court. Neither the offer, the objection, nor the ruling of the court below, appears in either of these assignments. Each assignment should embody the bill of exceptions on which it rests, so that the question raised may come to us as it was presented in the court below. But notwithstanding the disregard of our rules, we have taken pains to look over the appendix and ascertain the ground of complaint, and we are of opinion that it is not tenable.

The contract between Knott and Wilson for the lot in controversy was competent for the purpose of aiding in arriving at a correct understanding of the description of the same in the deed before the court. We do not see why any portion of it was rejected, but the plaintiff in error did not object to such rejection. He seems rather to have asked it, and he cannot now complain. The remaining assignments of error are to the answers to the written points submitted on the trial, and relate to the proper mode for ascertaining the boundary line between the lot in controversy and the land of Knott lying on the north of it. The deed from Knott to Wilson, as well as that from Wilson to Warfel, described the lot conveyed as twenty-two feet wide on north Queen street, and as including an alley on the north side of the house then on the lot. The alley is described as having a breadth of two feet four inches, which is reduced by the deeds to two feet, the four inches being reserved therefrom. There was no north line marked on the ground, and the question was, how that line should be located. The court below held that the jury ought to begin at the middle of the party wall between the house on this lot and that on the lot adjoining on the south, and measure along the line of North Queen street twenty-two feet. This would locate the corner from which the division line between the parties should start, and determine their respective rights. This was clearly right. The party wall was a permanent monument which fixed the location of the south line, and the north line was just twenty-two feet from and parallel with it. Another method would be to measure from the north side of the house just two feet, the width of the alley on that side, and this would fix the north line of the alley, which is also the north line of the lot. The evidence shows that both methods reach

the same result.　The court instructed the jury that if Knott's fence left Warfel twenty-two feet, measuring from the middle of the party wall along North Queen street, this was all he had shown title to under his deed, and all that he could recover in this action.　We do not see how it was possible to reach any other conclusion.　The precise location of the fence on the north side of the alley, at the time of the sale to Warfel, was unimportant, because Warfel did not allege an adverse possession sufficient to give him title under the statute of limitations, but depended upon his paper title.　This was for twenty-two feet along North Queen street, which the jury found to be in his actual possession.

The judgment is affirmed.