Detwiler, Appellant, *v.* Coldren.

Argued February 1, 1933. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Newton B. Spangler,* with him *W. G. Runkle* and *Ivan Walker,* for appellant.—The rule is universal that if the possession be consistent with the recorded title, it is no notice of an unrecorded title: Kirby v. Tallmage, 160 U. S. 379; Smith v. Miller, 296 Pa. 340.

Under this rule all acts and declarations of the owner of land made during the continuance of his interest tending to show the character or extent of his possesion or interest, or the location of boundaries, are competent evidence not only against himself but also against those who claim through or under him: Dawson v. Coulter, 262 Pa. 566, 567, 571; Frazier v. Foreman, 269 Pa. 13, 14, 17; Potts v. Everhart, 26 Pa. 493.

An ambiguity on the face of a written document is for the judge to explain; but if it arises from extrinsic evidence it must be solved by the jury: Beatty v. Ins. Co., 52 Pa. 456.

Cross-examination should be limited to the subject-matter dealt with in the examination in chief. If it goes beyond this, it becomes part of the proofs of the cross-examiner, and must be treated as such on a motion for a nonsuit or for binding instructions: Dunn v. Milanovich, 302 Pa. 184.

*Ellis L. Orvis*, with him *John G. Love* and *S. D. Gettig*, for appellee.—The construction of a deed must be gathered from its face and not by evidence aliunde: Meyers v. Robinson, 74 Pa. 269; Huss v. Stephens, 51 Pa. 282; Harvey v. Vandegrift, 89 Pa. 346.

Courses and distances govern where there are no monuments: Green v. Schrack, 16 Pa. Superior Ct. 26.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 20, 1933:

This case was tried twice in the court below. On appeal to the Superior Court, following the first trial, the judgment entered for plaintiff was reversed and a new trial ordered: 101 Pa. Superior Ct. 189. On the second trial, the court below, after hearing plaintiff's witnesses, entered a nonsuit, which it subsequently refused to take off. This appeal followed.

The action is in ejectment and was brought by plaintiff upon a rule entered by defendant in possession to determine the title to a small tract of ground on Nittany Mountain, Potter Township, Center County. Defendant claims the tract in dispute as part of the property conveyed to him by deed of July 14, 1926, from Mary F. Stahl, widow, who, with her husband, had purchased it under special warranty deed from Henry F. Bitner and wife. Plaintiff claims the land as part of the property purchased by him under general warranty deed dated March 23, 1918, from the same Henry F. Bitner and wife.

The land in controversy is bounded on one side by the site of an old turnpike. The deed to Detwiler describes

the boundaries of his property where it adjoins Coldren's as follows: "Beginning at a point on the public road leading from Centre Hall to Bellefonte, 10 rods from the corner where the lands of J. J. Arney, E. M. Huyett and S. W. Smith and James Stahl meet, thence north 52¾ degrees east, about 130 perches to corner of tract of land recently sold by the above named H. F. Bitner to Mrs. Mary Stahl; thence along the said Stahl tract, up the mountain, to the edge or brow of the mountain, to stake; thence along the brow of the mountain 20 perches to the public road; thence along the public road 71 perches to the place of beginning."

There is no controversy as to the definiteness of the place of beginning named in this deed, or as to the course of the public road. It was admitted in plaintiff's testimony that the distance named along the public road is the main point in dispute. Plaintiff maintains that following a course of 20 perches along the "brow of the mountain" to the public road brings this point of his boundary line a distance of a fraction over 61 perches from the place of beginning, and establishes the point intended, and that the distance of 71 perches named in the deed is in error. Plaintiff's contention would thus extend the line of his property along the public road by ten rods, and reduce defendant's boundaries to that extent, the latter's deed, as shown by the testimony, also calling for a distance of 71 rods along the same course. Appellant endeavors to support his contention by testimony of a surveyor who ran lines for him and under his [appellant's] direction, along what the surveyor regarded as the "brow of the mountain," starting from a stone which plaintiff pointed out as calling for the corner of the land, following a line which the surveyor testified he found marked by post and stones until he came to stones at the edge of the road, at a point 61 rods from the place of beginning. It is to be noted that none of the monuments referred to by this witness were mentioned in plaintiff's deed. There, the beginning of the

20 perch line was a stake, which plaintiff does not claim to have found.

Plaintiff further endeavored to support his contention as to the boundary line by evidence that defendant, before purchasing his property, had leased part of the tract of ground along the turnpike from plaintiff's guardian. The lease, however, antedated the purchase of the disputed land by defendant, was indefinite as to the location of the property covered, and was properly rejected by the court below.

Plaintiff also sought to introduce oral evidence to the effect that, in a conversation with a third party, "sometime previous to 1927," defendant had referred to plaintiff as owning "the whole top of the mountain here," and in support of his claim that such testimony was relevant and admissible, cites Sheaffer v. Eakman, 56 Pa. 144, which states, "The character of a possession may always be shown by contemporaneous declarations of the tenant, and especially is this true when the party who offers them is endeavoring to make out a title under the statute of limitations by his own possession and that of tenants, or by the latter alone"; but we there added that "the declarations of......tenants could not be received to show the boundaries of the survey." In the present instance plaintiff was not trying to prove ownership by possession over a term of years, but by the terms of his deed.

Plaintiff further assigns as error the ruling of the court striking out testimony of plaintiff, on cross-examination, that he had put a fence along the property "on the line that Mr. Stahl showed me, in the presence of Mr. Coldren." ´ This point was correctly ruled in the opinion of the Superior Court, on appeal in the first trial of this action (101 Pa. Superior Ct. at page 196) where it is said: "James Stahl, one of the grantees in the original deed from Bitner was dead. His right had passed by the operation of law to his wife, and from her, by her own act, to the defendant, a party on the record who rep-

resented his (James Stahl's) interest in the subject in controversy. The controversy was over the Stahl title, which had passed to the defendant. The plaintiff was not a competent witness to testify to any matter occurring in the lifetime of James Stahl: Act of May 23, 1887, P. L. 158, section 5 (e) : Stonecipher v. Keane, 268 Pa. 540, 546; Weaver v. Oberholtzer, 31 Pa. Superior Ct. 425; Reiter v. McJunkin, 194 Pa. 301; Wolf v. Wolf, 158 Pa. 621, 630; unless it related to some relevant matter which occurred between himself and some other person, or in the presence of some other person, who was living and competent to testify at the time of the trial and who did so testify upon the trial: Act of June 11, 1891, P. L. 287; and then only to such matters as had been testified to and which it was proposed to contradict: Bowman's Est., 301 Pa. 337; Rudolph v. Rudolph, 207 Pa. 339." The fact that the statement in the present trial was made in reply to a question by defendant's counsel in cross-examination, does not except it from the provisions of section 5 (e) of the Act.

Plaintiff's second statement of question involved relates to the recording of the deeds to Stahl, defendant's predecessor in title, and Detwiler, respectively. That point also is carefully discussed and correctly decided in the opinion of the Superior Court, at page 193.

There is nothing in the record before us which would have warranted the court below in submitting the case to the jury. As the opinion of the trial judge states: "It is well settled that the intention of a grantor is to be gathered from the face of the deed and not by evidence aliunde: Meyers v. Robinson, 74 Pa. 269; that parol evidence is not admissible to contradict a grant clearly conveyed: Harvey v. Vandergrift, 89 Pa. 346; Corry v. Borough, 18 Pa. Superior Ct. 216; that where there is no ambiguity in the words of a grant extrinsic evidence is inadmissible: Harvey v. Vandergrift, supra;......
Courses and distances govern where there are no monuments: Green v. Schrack, 16 Pa. Superior Ct. 26. There

are two monuments in plaintiff's survey that cannot be disputed. First, the corner on the old turnpike further down the mountain toward Center Hall, [the place of beginning], and secondly, the turnpike itself. The 71 rod line, therefore, called for in both plaintiff's and defendant's deeds as a common boundary line between plaintiff's and defendant's property, beginning as it does at the corner on the mountain side along the turnpike, agreed to as the proper corner by both plaintiff and defendant, is unquestionably fixed by the old turnpike as the line goes up the mountain."

Plaintiff complains that the court below granted the nonsuit largely on evidence of the deed to appellee and his predecessors in title, which was not in evidence. It is unnecessary to do more than point out that, although the deed as a whole was not in evidence, it is of record that both deeds described the particular course here in question as being 71 perches along the turnpike from the place of beginning, and the case is actually decided on the evidence of plaintiff's deed, as is shown by the abstract from the opinion quoted above.

As a whole the evidence offered by plaintiff was based on conjectures and assumptions wholly insufficient to overthrow the monuments and courses stated in both deeds.

The judgment of the court below refusing to remove the nonsuit is affirmed.