Golden et ux., Appellants, v. Ross.

Argued April 24, 1936.

Before KELLER, P. J. CUN-

NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ. 

John M. Gallagher, for appellants.

Morris Feldstein, for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

The plaintiff in an ejectment suit, as in other cases, need not go further than to make out a prima facie case. But, if his proof discloses something which necessarily defeats his case, then there is no alternative for the court but to enter a nonsuit: Dunn et al. v. Milanovich, 302 Pa. 184, 152 A. 757; Detwiler v. Coldren, 311 Pa. 44, 166 A. 374.

In this case, the evidence offered by the plaintiffs was clearly insufficient to establish title to the ground in dispute. The learned court below therefore very properly entered a nonsuit.

The strip of ground in dispute is 15½ feet in length and a varying width of from 11 to 7¼ inches. The plaintiffs obtained title on June 30, 1921, to a lot of ground, 60 feet in width and 100 feet in depth, upon which was erected a block of three 2-story dwelling houses, separated by party walls, and known as 532, 534, and 536 Aspen Street. In the rear of each house was an intervening space. The plaintiffs, by deed, dated August 2, 1921, conveyed to the defendant a portion of

the premises, described as follows: "All that certain lot or piece of ground situate, lying and being within the Eighth Ward in and of the City of Pittsburgh, Commonwealth of Pennsylvania,......fronting southeastwardly and abutting twenty-one (21) feet on the northwestwardly side of Aspen Street; whence extending, at right angles, directly back or northwestwardly, preserving such frontage-width evenly throughout a hundred (100) feet......On the lot hereby conveyed is a third (1/3) of a two (2)-story and mansard frame dwelling house—this portion whereof is municipally numbered Five Hundred and Thirty-six (536) Aspen Street."

Some time during 1925, the defendant built an addition to the rear of his dwelling house. The plaintiffs caused a survey to be made later, which they allege disclosed that the defendant in the construction of improvements encroached upon their property known as 534 Aspen Street. It is admitted by the appellants that the dividing wall between these properties must be construed to be the eastern line of the appellee's property, notwithstanding the fact that the description in the deed from the appellants did not call for a party wall as a boundary, or that the distance stated did not extend thereto. But the appellants contend that the center line of the dividing wall is the true line only so far as the wall extends and should not be projected to the full depth of the lot.

It will be noted that the conveyance expressly states that the lot maintains an even width throughout, but we are not concerned with anything more than the land described in the writ. The appellants cannot disregard the plain language they used in their deed.

In Dunlap v. Reardon, 24 Pa. Superior Ct. 35, the owner of a lot 50 feet wide erected two adjoining houses on the front of the lot and subsequently conveyed to each of two grantees one-half the lot with the house

thereon erected, by deed, which described the width thereof as being 25 feet. It subsequently developed that the dividing wall was several inches from the center of the original lot. We there said (p. 37): "Having reached the conclusion that the wall between the two houses fixes the true line between the two lots, so far as it extends, the question remains as to the line from the rear end of this wall to the rear of the lots. Was the learned judge below right in holding as a matter of law that a straight line must be projected to the rear end of the lots, from the end of the wall? If the solution of this question depended solely on the written title papers in evidence and this wall there can be little if any question of the correctness of his ruling." In that case, there was a further question of dispute as to the erection of a fence from the rear of the building to the rear of the lot. Thus a question of consentable line was raised, which is not involved in this case, as here the plaintiffs' right to recover depends entirely upon the written title papers and the testimony of the surveyor who conceded that the defendant's improvements did not encroach over the center line of the dividing wall.

In Medara v. DuBois, 187 Pa. 431, 41 A. 322, the plaintiff agreed, in writing, to sell the defendant premises, known as 3816 Locust Street, Philadelphia, which were recited as being 25 feet wide. Some time prior thereto, on the adjoining lot the owner built twin houses. The middle of the party wall of these houses was 6 inches west of the middle line of the two lots. The owner sold the eastern lot, which subsequently became vested in plaintiff. A controversy arose as to the location of the dividing line. The court there said (p. 439): "On the contrary, he (the trial judge) should have held that the owner and builder of the twin houses designed to be occupied as separate dwellings, having located and constructed the dividing wall between them

238

as he did, must be held to have intended the same for a party wall, and the center line thereof *extended longitudinally from street to street, to be the dividing line between the two properties.*" (Italics ours)

It follows from what we have said that there is no merit in the assignments of error.

Judgment affirmed.