## Misson v. Grossman

*Raymond A. White*, for plaintiff.

*Charles Green, Lewis A. Darrow*, and *John R. K. Scott*, for defendant.

SMITH, P. J., March 1, 1937.—This matter comes before us on motions for a new trial and judgment n. o. v.

The action arose in trespass to recover damages for the alienation of affections of the wife of plaintiff. The verdict of the jury was for plaintiff against defendant in the

sum of $2,500. The principal assignment of error is that the trial judge erred in permitting the husband to offer testimony against his wife which involved her in the charge of alienation of affections. The counsel for defendant objected to plaintiff's testifying because his wife was involved, and the court granted him an exception.

The evidence discloses that the attorney for plaintiff did not transgress the rule. The questions and answers thus adduced related only to the date of marriage, where they resided from the date of marriage up, and how long they lived together as husband and wife.

Plaintiff was then given to the attorney for defendant for cross-examination. It was he who by cross-examination brought out the testimony pointing to the criminal conduct of the wife. Counsel for plaintiff sat by, apparently satisfied that defendant's counsel was bringing out evidence which he himself could not adduce, and no objection was made by either counsel to its admission. There was no motion made to strike it out and the case was permitted to go to jury after hearing the testimony of many witnesses.

The counsel for defendant now takes advantage of a condition created by himself. No matter how the condition arose, however, it was error to have admitted any testimony by plaintiff which imputed to his wife any wrongdoing, even though it was brought out under cross-examination.

The Act of May 23, 1887, P. L. 158, confirms the common-law rule as to incompetency of a husband to testify against his wife.

In Cornelius v. Hambay, 150 Pa. 359, 363, Mr. Justice Paxson said:

"I am not aware that any of our Acts of Assembly enlarging the competency of witnesses permits husband and wife to testify against each other except in case of personal injuries inflicted by the one upon the other, and in certain cases in divorce. And the rule which excludes such testimony does not depend upon the party criminated be-

ing a party to the record. The principle of the rule which excludes husband and wife from testifying against each other, requires its application to all cases in which the interests of the other party are involved; and therefore the wife is not a competent witness against any co-defendant tried with the husband if the testimony concern the husband, though it be not directly given against him."

In the case of Canole v. Allen, 222 Pa. 156, 158, Mr. Justice Stewart said:

"Where the record of a case shows departure from established rules and procedure, affecting only the rights of the parties to the action, and no specific complaint is made with respect thereto, we assume that the departure was made by and with mutual consent—conventio legem vincit. Not so, however, where the departure manifests a clear disregard of recognized public policy, or is in violation of express statutory provisions. Restrictions so imposed are not subject to the pleasure of the parties or the power of the courts. In such case this court will take notice of the error whether assigned or not."

A case where the application of the law is analogous to the facts of this case is Detwiler v. Coldren, 311 Pa. 44 (1933). In that case, a surviving party was permitted to testify under cross-examination to a matter that occurred in the lifetime of a decedent. Mr. Chief Justice Frazer said, at page 49:

"The fact that the statement in the present trial was made in reply to a question by defendant's counsel in cross-examination, does not except it from the provisions of section 5(e) of the Act." (May 23, 1887, P. L. 158.)

A new trial is being granted solely because of the testimony of plaintiff on cross-examination, brought out by defendant's own counsel. Although there was no objection, exception or motion to strike out, we believe the receipt of this testimony was fundamental error. Were it not for this one point, the motion for a new trial would be refused.

The motion for judgment n. o. v. is discharged.