Ross *v.* Golden et ux., Appellants.

Argued March 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John M. Gallagher,* for appellants.

*Morris Feldstein,* for appellee.

OPINION BY MR. JUSTICE PARKER, April 13, 1942:

This is an action in ejectment brought to determine a portion of the dividing line between land of plaintiff

and defendants. The court of common pleas gave binding instructions for plaintiff, the judgment entered on the verdict was affirmed by the Superior Court and then certified by that court to us in accordance with the provisions of §10 of the Act of June 24, 1895, P. L. 212 (17 PS §197). The judgment must be affirmed.

In 1921 the defendants, Cyril A. Golden and Rosamond M. Golden, his wife, purchased a lot in the City of Pittsburgh fronting 60 feet on Aspen Street with a depth of 100 feet to a private alley and having erected thereon a block of dwelling houses with three units numbered 532, 534, and 536. Shortly thereafter the Goldens conveyed a part of said land, No. 536, to Benjamin Ross, the plaintiff, by a description printed in the margin.* A survey made some years later disclosed the fact that the buildings and the center line of a party wall between the unit which Ross had purchased and a unit which defendants retained were not at right angles to Aspen Street and that the entire center line was located beyond the line described in the calls in the deed so that it encroached on the land claimed by defendants 3¾ inches at the front and 11 inches at the rear of the house. If the center line is projected it will encroach 1.86 feet at the alley at the rear of the lot.

Prior to 1932 this plaintiff built an addition to his dwelling extending it substantially to a line which would be the center line of the party wall projected and as a

---

* "All that certain lot or piece of ground situate, lying and being within the Eighth Ward in and of the City of Pittsburgh, Commonwealth of Pennsylvania, distant a hundred and one (101) feet northwardly from Cypress Street, fronting southeastwardly and abutting twenty-one (21) feet on the northwestwardly side of Aspen Street; thence extending, at right angles, directly back or northwestwardly, preserving such frontage—width evenly throughout a hundred (100) feet, to—and with the unrestricted benefit and right of use forever of—a ten (10) feet wide private alley rear—adjoining. On the lot hereby conveyed is a third (⅓) of a two (2)—story and mansard frame dwelling house—this portion whereof is municipally numbered Five hundred and thirty-six (536) Aspen Street."

result it extended over the line described by the calls in his deed. The Goldens, defendants in this action, brought ejectment against Ross for land 15½ feet in length and varying in width from 7¼ to 11 inches. That suit resulted in a verdict for Ross which was affirmed by the Superior Court (122 Pa. Superior Ct. 234, 186 A. 249). That court in substance held that the calls in the deed must give way to the artificial monument on the ground, the center line of the party wall.

In November, 1932, the Goldens had constructed at the rear of the house a concrete wall and fence which encroached upon the lot of Ross if the line as determined by the above adjudication was projected in the same direction to the rear of the lot. Ross, after the final determination of the first ejectment suit, brought this action for the land lying between the addition made by him and the rear of the lot which was on his side of the center line of the party wall projected and was occupied by Goldens' retaining wall and fence. The land was substantially 43 feet in length and varied in width from .42 feet to 1.86 feet at the rear of the lot where it abutted a private way.

On trial in common pleas binding instructions were given for Ross and the judgment was affirmed by the Superior Court. That court, two judges dissenting, adhered to its former decision and held that the center line of the party wall projected marked the division line between the properties of the parties from Aspen Street to the alley in the rear.

The problem presented is ruled by *Medara v. DuBois,* 187 Pa. 431, 41 A. 322. There is a marked similarity between the facts in that case and the one we are considering. The descriptions were similar and the buildings on the properties of the respective parties were units in one structure. It was there said (p. 439): "The owner and builder of the twin houses designed to be occupied as separate dwellings, having located and constructed the dividing wall between them as he did, must be held to have intended the same for a party wall, and the center

line thereof extended longitudinally from street to street, to be the dividing line between the two properties." There the entire center line was involved just as here. When we examine the reasoning of the Medara case we find full justification for the conclusion. The premises from which the conclusion was drawn were that the center line of the wall was in fact an artificial monument and that the calls for direction and distance in the deed must give way to the monument. The center line of the wall not only fixed a point but by its very nature fixed the direction of the line. Also see *Warfel v. Knott,* 128 Pa. 528, 18 A. 390; *Western National Bank's Appeal,* 102 Pa. 171; *Lodge v. Barnett,* 46 Pa. 477. In *Rook v. Greenewald,* 22 Pa. Superior Ct. 641, the division line was fixed by projecting a line marked by an old fence.

The principle established by those cases was not grounded on the mere fact that the house extended beyond the calls in the paper description contained in the deed and that the area should therefore be expanded so as to include the house, but on the fact that the line in dispute was marked on the ground and the legal principle that in determining the location of a line courses and distances of a deed must give way to monuments on the ground. The monuments fix the course of the true line and supplant that given in the deed, thereby determining where the particular line should be located. Only two points are required to fix a line, but in these situations we have the center line of the wall extending a considerable distance, relatively, and thereby determining the course of the whole line just as the fence line was extended in *Lodge v. Barnett,* supra, for its whole distance. The center line of a party wall is of a much more permanent nature than an ordinary fence. The dictum in the first opinion of the Superior Court that the center line of the party wall was the true line from street to street was a correct statement of the law.

The principle followed by the court of common pleas and by the majority in the Superior Court has become

not only a well settled but a fundamental rule of property and should not be disturbed unless there is a compelling reason for so doing. The appellant and the minority in the Superior Court argue that there should be a departure from this principle because of what they regard as peculiar equities applying here. They say that Ross would get more land than was called for by the description in the deed and that on that account there should be a departure from the rule and that the line should follow the center of the party wall from Aspen Street to the rear of the addition and that it should then be deflected so that the remainder of the line would run at right angles to Aspen Street until it reached the alley. In answer to this contention we call attention to the fact that what Ross took and Goldens sold was the land marked on the ground and not what they described in the deed. The line suggested by appellant would be at right angles to Aspen Street but it would not correspond with the line called for in the deed in any other respect; neither its beginning point nor ending point would be at the locations called for in the paper description. It would make the line a broken line and not a straight line as called for in the deed. The suggested line is only one of at least four ways in which the division line could be run from the rear of the addition and still be at right angles to Aspen Street, depending upon the point of beginning. This shows that a departure from the rule would only lead to confusion.

The trial court correctly decided that there was not sufficient evidence of a consentable line to submit that question to the jury. We think the reasoning of the Superior Court in its original decision was sound and it properly followed the same rule in the second appeal.

Judgment affirmed at the cost of appellants.