## O'Donnell v. Evans

*Roland T. Keddie* and *Gary F. Selway,* for plaintiffs.

*Scales and Shaw,* for defendants.

SCULCO, *J.,* June 5, 1975—Plaintiffs, Frank J. Gombos and Elizabeth Gombos, his wife, purchased a lot, tract or parcel of ground from defendants, Earl M. Evans and Florence M. Evans, his wife, on or about October 24, 1956, which tract of ground is fully described in the deed recorded in Deed Book, Volume 1629, Page 282, in the Recorder of Deeds Office in and for Westmoreland County. The said deed refers to "a proposed street" in setting forth the metes and bounds.

On or about February 21, 1957, defendants, Earl M. Evans and Florence M. Evans, his wife, conveyed to Frank Montag and Laura Montag, his wife, a lot, tract or parcel of ground adjoining the aforesaid tract sold to Frank J. Gombos and Elizabeth Gombos, his wife, and being more fully described in the deed recorded in Deed Book, Volume 1718, Page 439, in the Office of the Recorder of Deeds in and for Westmoreland County. The said deed also refers to the "proposed street" in setting forth the metes and bounds.

On or about October 27, 1960, Frank Montag and Laura Montag, his wife, conveyed to John E. O'Donnell and Patricia A. O'Donnell, his wife, plaintiffs herein, the aforesaid parcel of ground as recorded in Deed Book, Volume 1801, Page 322, in the Recorder of Deeds Office in and for Westmoreland County and containing the same description, including "a proposed street."

A tract of land adjoining that of plaintiffs was conveyed by Earl M. Evans and Florence M. Evans, his wife, to C. Bilott and Sons Construction, Inc., on July 25, 1972, the parcel being more fully described in the Deed Book, Volume 2102, Page 389, in the Office of the Recorder of Deeds of Westmoreland County.

The tract as conveyed to defendant, C. Bilott and Sons Construction, Inc., contained the proposed streets conveyed by prior deed to plaintiffs herein. The said deed failed to recognize the said proposed street appurtenant to the lands of plaintiffs.

The case was called for trial on Tuesday, April 29, 1975. Before testimony was taken, an oral motion was made by defendants to dismiss the complaint, setting forth reasons for said motion.

The court reserved ruling on said motion and testimony was taken.

Plaintiffs having rested, counsel for defendants renewed its motion to dismiss as follows.

"And now, the plaintiffs having rested, we representing the defendants, move Your Honorable Court that the complaint in equity at the above No. 862 April Term, 1973, be dismissed as to all the defendants and set forth the following reasons:

"1. The prayer in the complaint is for a right-of-way and the defining and marking of a proposed street to the rear of this property: that is the prayer of the complaint.

"2. The testimony from the plaintiffs' witnesses allege that there was to be an alley or dirt road in the rear of the property which is not in the request or prayer of the complaint.

"3. From a legal standpoint, the deed of conveyance merely states to a point on a proposed street. Incorporated with Number 3, there is no plan presented showing a proposed street, nor was there ever any plan in existence, showing the location of a street or right-of-way at the time of the conveyance, nor has there been any in existence since the conveyance to this time.

"4. No street or right-of-way in the rear of the property or alley or dirt road has ever been laid out, nor has any been dedicated or named or pointed out in any way at all, or in any form at all. A motion is on record, reserved by the Court, and testimony was taken.

## "FINDINGS OF FACT

"1. That the referral in the deed to a 'proposed street' is vague, indefinite and uncertain.

"2. That no dedication of the 'proposed street' was ever made by any of the defendants.

## "CONCLUSION OF LAW

"That no dedication of the 'proposed street' was ever made, and therefore, the motion of the defendants to dismiss the complaint is in order. (Meyers v. Robinson, et al., 74 Pa. 269 (1873))."

## DECREE

And now, June 5, 1975, after hearing and after due and careful consideration of the motion to dismiss, and the law pertaining thereto, defendants' motion to dismiss the complaint is hereby granted, and the complaint filed on behalf of plaintiffs be and the same hereby is dismissed.